IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:25-cr-455-E (3) |
| CIPRIANO PEREZ CORRAL a/k/a | § | |
| David, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## THE GOVERNMENT'S MOTION FOR DETENTION

Defendant Cipriano Perez Corral is charged with one count of Conspiracy to

Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§

846, 841(a)(1), and 841(b)(1)(A)(ii), and one count of Possession with Intent to

Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(B)(ii), in a superseding indictment filed in this district. *See* Dkt. No. 27.

The superseding indictment alleges that Corral and his three named co-

defendants, beginning on or about December 1, 2024 and continuing through on or

about September 12, 2025, conspired to possess with intent to distribute and to

distribute 5 kilograms or more of a mixture or substance containing a detectable

amount of cocaine and that Corral, on or about July 28, 2025, knowingly and

intentionally possessed with intent to distribute 500 grams or more of a mixture and

substance containing a detectable amount of cocaine.

The government moved for Corral's pretrial detention under 18 U.S.C. § 3142.

-1-

And, on March 6, 2026, the Court held a hearing on the government's motion for detention. Corral appeared in person and through counsel. The government appeared through an Assistant United States Attorney for the Northern District of Texas.

On the record at the end of the hearing on March 6, 2026, the Court determined, for the reasons explained on the record and further explained below, that Corral should be released on conditions under 18 U.S.C. § 3142(c)(1) pending trial.

The government asked the Court to stay the release order to allow the government to file, for the presiding district judge's determination, a motion under 18 U.S.C. § 3145(a)(1) for revocation of the order of release. *See generally* 18 U.S.C. § 3145(a)(1) (providing that, "[i]f a person is ordered released by a magistrate judge, … (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release"); *United States v. Fortna*, 769 F.2d 243, 249-50 (5th Cir. 1985).

The Court granted that request, consistent with what the Court takes to be governing Fifth Circuit authority, *see United States v. Brigham*, 569 F.3d 220, 229-30 (5th Cir. 2009), and ordered that the Order Setting Conditions of Release "is stayed until 5 pm on 3/11/2026 but the stay will continue if a 18 USC 3145(a) motion is filed by that time (pending the motion's resolution) or if the presiding judge otherwise extends the stay."

The Court enters this memorandum opinion and order to further explain the bases for its decision to deny the government's motion for detention and order that

Corral be released conditions under Section 3142(c)(1) pending trial.

## I. Eligibility for a detention hearing

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

"[18 U.S.C.] § 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [seven circumstances listed in (f)(1)(A), (f)(1)(B), (f)(1)(C), (f)(1)(D), (f)(1)(E), (f)(2)(A), and (f)(2)(b)]." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992).

"A hearing can be held only if one of the [seven] circumstances listed in (f)(1) and (2) is present; detention can be ordered only after a hearing is held pursuant to § 3142(f)." *Id.*

"Section 3142(f) specifies the circumstances under which a detention hearing must be held, including: a case involving a crime of violence; an offense with a maximum sentence of life imprisonment or death; certain drug offenses with a maximum term of imprisonment for ten years or more; a felony offense if the defendant has two or more previous conviction that would quality under the preceding subsections; a serious risk that the person will flee; or a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror." *United States v. Okhumale*, 813 F. App'x 936, 938 (5th Cir. 2020) (cleaned up). 18 U.S.C. § 3142(f)(1)(E) also provides for a hearing, "on motion of the attorney for

the Government, in a case that involves … any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in [18 U.S.C. §] 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code."

"Detention can be ordered, therefore, only in a case that involves one of the [seven] circumstances listed in (f), and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Byrd*, 969 F.2d at 109.

That is, ordering pretrial detention under Section 3142 "requires both the presence of one of the circumstances outlined in § 3142(f) and a determination under § 3142(e) that the no conditions imposed could either assure the appearance of the defendant or the safety of the defendant and community." *Okhumale*, 813 F. App'x at 939 (cleaned up).

And, so, as the United States Court of Appeals for the Fifth Circuit has confirmed, "[t]here can be no doubt that [the Bail Reform Act of 1984] clearly favors nondetention," and a defendant's "threat to the safety of any other person or the community, in the absence of one of the [seven] specified circumstances, [cannot] justify detention under the Act." *Byrd*, 969 F.2d at 109-10; *accord Okhumale*, 813 F. App'x at 939.

-4-

In this case, Corral is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(C) because he is charged by a superseding indictment with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

## II. Burden on government's motion for pretrial detention

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

On a motion for detention under 18 U.S.C. § 3142, the government always must prove either

- by, a preponderance of the evidence, that there is no condition or combination of conditions that could be set to reasonably assure the defendant's appearance as required or,
- by clear and convincing evidence, that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if the defendant were released.

18 U.S.C. § 3142(f); *United States v. Westbrook*, 780 F.2d 1185, 1189 & n.6 (5th Cir. 1986); *Fortna*, 769 F.2d at 250.

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d

580, 586 (5th Cir. 1992); *accord Westbrook*, 780 F.2d at 1188-89 & n.5.

But, under 18 U.S.C. § 3142(b), the Court must "order the pretrial release of the person unless the person is a flight risk or danger to the community." *United States v. Baltazar-Sebastian*, 990 F.3d 939, 944 (5th Cir. 2021) (cleaned up); *accord Byrd*, 969 F.2d at 109.

And, so, "[i]n making a pretrial detention determination, a judicial officer must bear in mind that passage of the pretrial detention provision of the 1984 [Bail Reform] Act did not ... signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial" and that, "[r]ather, Congress was demonstrating its concern about a small but identifiable group of individuals as to whom pretrial release is inappropriate." *Westbrook*, 780 F.2d at 1189 (cleaned up).

Under Section 3142, "pretrial release is not inappropriate – that is, pretrial detention is not required – in every case in which the government charges a defendant with a crime that is considered particularly serious (which are generally the only offenses for which detention is authorized at all under 18 U.S.C. § 3142(f)), or for which the government has strong evidence, or for which the defendant is exposed to a lengthy sentence." *United States v. Roberson*, 547 F. Supp. 3d 560, 565 (N.D. Tex. 2021).

"There is a difference under the Bail Reform Act between (1) the universe of people whom prosecutors and law enforcement agents consider to be 'bad men' – or have probable cause to believe are involved with or connected to criminal activity that

may be particularly repugnant or traumatizing or scary – and (2) the universe of people whom the governing legal standards consider to be, even with restrictive conditions, too dangerous going forward after arrest to be released while their cases are pending." *Id.* at 566.

## III.    Rebuttable presumption

The Bail Reform Act adds one more variable into the analysis in some cases: 18 U.S.C. §§ "3142(e)(2) and (3) create rebuttable presumptions for certain arrestees that 'no condition or combination of conditions will reasonably assure the safety of any other person and the community.'" *Miranda v. Garland*, 34 F.4th 338, 363 (4th Cir. 2022) (quoting 18 U.S.C. §§ 3142(e)(2), 3142(e)(3)).

"For example, [under 18 U.S.C. § 3142(e)(2),] a person convicted of a prior federal offense, if it is an offense listed under § 3142(f)(1), such as an offense for which the maximum sentence is life imprisonment or death, would face this rebuttable presumption. Moreover, arrestees face this presumption if the judicial officer finds there is probable cause to believe they committed certain drug offenses, *see* [18 U.S.C.] § 3142(e)(3)(A); committed firearms offenses, serious crimes in a foreign country, or terrorism, *see id.* § 3142(e)(3)(B); engaged in peonage, slavery, or trafficking in persons, *see id.* § 3142(e)(3)(D); or committed certain offenses involving a minor victim, *see id.* § 3142(e)(3)(E)." *Miranda*, 34 F.4th at 363; *accord Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014) (the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, "creates a rebuttable presumption that a defendant is ineligible for bail

if 'there is probable cause to believe' she committed certain serious crimes." (citing18 U.S.C. §§ 3142(e)(2)-(3), (f)).

And an indictment conclusively establishes probable cause to believe that the defendant committed a triggering offense. See *Kaley*, 571 U.S. at 329 n.6; *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

In this case, the government has invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption, which applies in this case because the Court finds that there is probable cause to believe – based on the superseding indictment – that Corral has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A).

Section 3142(e)(3) mandates that, in such a case as this, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

Where, as here, the presumption applies, Corral must produce sufficient evidence to rebut the presumption – that is, "some credible evidence" to suggest that Corral would be unlikely to flee or pose a danger. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989); *accord Trosper*, 809 F.2d at 1110.

The Fifth Circuit has, for example, "previously held that when the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted." *Rueben*, 974 F.2d at 586.

And "the serious nature of the charged offenses" – while alone "sufficient to create a presumption" – is "not sufficient to create an irrebuttable presumption." *United States v. Morales*, No. 97 CR. 829 (JSR), 1997 WL 555614, at *1 (S.D.N.Y. Sept. 4, 1997). While a defendant must come forward with sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community, where he has met that burden of production, the Fifth Circuit has held that the Section "3142(e) presumption, coupled with the allegations of the indictment against [a defendant], are [not] alone sufficient to satisfy § 3142(g)." *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988).

"In applying this burden-shifting framework, the district court should consider the factors listed in 18 U.S.C. § 3142(g)." *United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022); *see also Jackson*, 845 F.2d at 1266; *accord United States v. Sims*, 801 F. App'x 324, 324-25 (5th Cir. 2020); *Rueben*, 974 F.2d at 586-87; *Trosper*, 809 F.2d at 1110-11; *Fortna*, 769 F.2d at 253.

And, at least where a defendant has satisfied his burden to produce rebuttal evidence, the government must prove by a preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure the defendant's appearance as required or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if the defendant were to be released. *See Jackson*, 845

F.2d at 1265-66; *Fortna*, 769 F.2d at 250-51.

But, on the other hand, "the mere production of evidence does not completely rebut the [Section 3142(e)(3)] presumption." *Rueben*, 974 F.2d at 586. Rather, "[i]n making its ultimate determination" on whether to order release or detention, the Court may consider the existence of and underlying reasons for the presumption – such as "the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society" – in assessing whether there are conditions that the Court might set that would reasonably assure Corral's appearance as required and the safety of the community. *Id.*; *accord Jackson*, 845 F.2d at 1266 (noting that, although the presumption had been rebutted, "the presumption necessarily remains in the case because of Congressional determination that drug offenders pose special risks of flight").

## IV.    Standards for pretrial detention versus release

Under 18 U.S.C. § 3142, the Court is presented with essentially three questions:

1. Does the defendant pose a risk, danger, or threat going forward not to appear as required or to endanger the safety of the community or any other person?
2. If so, are there conditions of release that will reasonably assure the defendant's appearance as required and the safety of any other person and the community if the defendant is released?
3. And, if so, is there evidence that the defendant is unlikely to comply with those conditions – that is, that the Court cannot be reasonably assured that the defendant will comply with the least restrictive combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community while Corral is on release?

-10-

At bottom, the issue is whether, pursuant to Section 3142(e)(1), any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community.

Or, put another way, can the defendant be subjected to conditions of release that will reasonably assure (not guarantee) that he will not engage in harmful or illegal conduct in general or toward a specific person – and that he will show up to court and for other court-obligations as required – if he is released? *See Roberson*, 547 F. Supp. 3d at 566.

To prove that the defendant cannot based on danger to the community or another person, the government must prove by clear and convincing evidence that the defendant presents an identified and articulable – and future or ongoing – threat to a person or the community and that this demonstrable danger is one that no condition or combination of conditions of release can reasonably be expected to dispel. *See United States v. Salerno*, 481 U.S. 739, 751 (1987); *accord Foucha v. La.*, 504 U.S. 71, 81 (1992); *United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021); *Roberson*, 547 F. Supp. 3d at 566-67.

That is a high burden. *See United States v. Singh*, 860 F. App'x 283, 284 (4th Cir. 2021); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact

finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *United States v. Jackson*, 19 F.3d 1003, 1007 (5th Cir. 1994) (cleaned up).

And a "defendant's detention based on dangerousness accords with due process only insofar as the district court determines that the defendant's history, characteristics, and alleged criminal conduct make clear that he or she poses a concrete, prospective threat to public safety." *Munchel*, 991 F.3d at 1280.

Whether a defendant poses a particular threat depends on the nature of the threat identified and a defendant's resources and capabilities. And, so, for example, whether a defendant poses a threat of dealing drugs may depend on her past experience and whether she has the means to continue to do so in the future. *See id.* at 1283.

To prove that there is no condition or combination of conditions that could be set to reasonably assure the defendant's appearance as required, the government must make a showing that allows the Court to determine, from the information before it, that it is more likely than not that no condition or combination of conditions will reasonably assure the defendant's appearance as required. *See Fortna*, 769 F.3d at 250.

And the defendant's potential for compliance with release conditions is relevant to the detention inquiry, and the Court can consider whether it believes the defendant will abide by its conditions when making the release determination in the first instance under 18 U.S.C. § 3142. *See Munchel*, 991 F.3d at 1280-81. But

detention under 18 U.S.C. § 3142 cannot be based only on a finding that the defendant is unlikely to comply with conditions of release absent the requisite finding of dangerousness or risk of flight. *See id.* at 1283.

If the Court determines that the government has not met its burden to show that detention is required based on the lack of reasonable assurance of either the defendant's appearance as required or the safety of others or the community, the Court is required to order the defendant's pretrial release on personal recognizance, or on an unsecured appearance bond, subject to the condition that the defendant must not commit a Federal, State, or local crime during the period of release and subject to the condition that the defendant must cooperate in collecting a DNA sample if required by federal statute – unless the Court determines that release on personal recognizance or an unsecured appearance bond will not reasonably assure the defendant's appearance as required or will endanger the safety of any other person or the community. *See* 18 U.S.C. § 3142(b); *Byrd*, 969 F.2d at 109.

If release under 18 U.S.C. § 3142(b) on personal recognizance or an unsecured appearance bond will not reasonably assure the defendant's appearance as required or will endanger the safety of any other person or the community, the Court is directed under 18 U.S.C. § 3142(c)(1)(B) to release the defendant subject to the least restrictive further condition or combination of conditions that the Court determines will reasonably assure the defendant's appearance as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c)(1)(B); *accord Byrd*, 969 F.2d

at 108.

That is, "[i]f conditions of pretrial release are reasonably necessary to assure the appearance of the defendant in court or to prevent endangering the safety of others [or the community], then the court shall order the defendant released 'subject to the least restrictive further condition, or combination of conditions,' to achieve those goals." *United States v. Davis*, No. 23-50917, 2024 WL 3372682, at *2 (5th Cir. July 11, 2024) (quoting 18 U.S.C. § 3142(c)(1)(B)).

In setting conditions under Section 3142(c)(1), the Court's task, then, is to identify and impose the least restrictive combination of conditions that will reasonably assure – not guarantee – the defendant's appearance as required and the safety of any other person and the community while the defendant is on release. *See Fortna*, 769 F.2d at 250; *United States v. Barker*, No. 3:16-cr-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017). And, so, under Section 3142(c), conditions are not "presumptively appropriate" just because "they would not cause a defendant harm or injury" – rather, any condition of release must be "part of the least restrictive combination of conditions that will reasonably assure [] defendants' appearances as required and the safety of any other person and the community while they are on release pending trial." *Barker*, 2017 WL 345643, at *15.

"The Bail Reform Act includes a non-exhaustive list" under 18 U.S.C. § 3142(c)(1)(B) "of additional conditions" that "may be imposed to assure appearance" or the safety of other persons or the community and includes, as a catch-all, "any

-14-

other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(i)-(xiv); *United States v. Aziz*, No. 21-40878, 2022 WL 1056102, at *3 (5th Cir. Apr. 8, 2022).

And, under Section 3142(c)(1)(B)(xiv), courts do sometimes impose conditions of pretrial release that attempt to prevent or reduce the risk that a defendant will engage in similar or related criminal activities to those charged in the complaint or indictment. *See Barker*, 2017 WL 345643, at *14. "This Court has imposed special conditions precluding certain defendants indicted for preparing fraudulent tax returns from preparing tax returns for others while on release and precluding certain defendants charged with submitting fraudulent billing to federal health care programs from billing to those programs while on release." *Id.*

## V.    Standards for and application of Section 3142(g) factors

To make all these determinations under 18 U.S.C. § 3142 regarding possible detention or release with or without conditions, the Court must consider the available information concerning the 18 U.S.C. § 3142(g) factors. *See United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022); *United States v. Green*, 793 F. App'x 223, 225 (5th Cir. 2019); *Rueben*, 974 F.2d at 586; *Fassler v. United States*, 858 F.2d 1016, 1018 n.4 (5th Cir. 1988); *United States v. Parker*, 848 F.2d 61, 62 (5th Cir. 1988); *United States v. Jackson*, 845 F.2d 1262, 1264-66 (5th Cir. 1988); *Westbrook*, 780 F.2d at 1189.

But the Court is not required to expressly "address any specific conditions of

release and why they would be inadequate." *Aziz*, 2022 WL 1056102, at *3.

In this case, the Court has considered the testimony of the case agent, the superseding indictment, Corral's counsel's proffers of character letters and of the testimony of Corral's sister and of Corral's common-law wife, and the report of the pretrial services officer, in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Corral; Corral's history and characteristics; whether Corral was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Corral's release.

As to the Section 3142(g)(1) factor – "the nature and circumstances of the offense charged" – the Fifth Circuit has credited district courts' emphasizing "the amount of drugs involved in [a] case and the fact that [a defendant] faced a lengthy punishment." *Flores*, 53 F.4th at 315.

As to the Section 3142(g)(2) factor – "the weight of the evidence against the person" – the Fifth Circuit has held that "[t]he government's introduction of extrinsic incriminatory evidence … is a required feature of the government's proof," and all the more so where the government invokes the Section 3142(e)(3) rebuttable presumption. *See Jackson*, 845 F.2d at 1264-66.

And the United States Court of Appeals for the Second Circuit has offered

reasoning that explains how this factor plays into a decision on whether to release or detain a defendant.

The Court of Appeals recently explained that a district court properly considered this factor "in determining that there was significant evidence that [a defendant] had in fact committed the charged murder" and that the proffered witness testimony and other evidence all "formed a strong case against him"; that, "[i]n making a predictive assessment of the defendant's future dangerousness if released into the community, common sense and § 3142(g)(2) aligned with the district court's consideration of the strength of this evidence, especially coupled with the nature of the charged offense"; and that "[i]t stands to reason that the more strongly the evidence indicated that the defendant committed the murder, the more likely he poses a danger to the community if released on bail." *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022) (cleaned up).

And, as to risk of flight, the Second Circuit observed that, just as (relevant to the Section 3142(g)(1) factor) "[t]he prospect of a severe sentence can create a strong incentive for a defendant to flee and thereby avoid that sentence," where "the evidence against a defendant is strong, it follows that the defendant faces an elevated risk of conviction (and of the attendant punishment), and therefore may present an elevated risk of flight." *Id.* at 151.

As to the Section 3142(g)(3)(A) factor – "the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties,

employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" – the Fifth Circuit has recently affirmed a detention order where, even where a defendant "presented evidence of his family connections, work history, lack of prior felonies, past compliance with bond conditions, and insufficient resources to flee," "the record also shows that [the defendant] previously used and distributed drugs under his parents' roof" and "used drugs on a weekly basis and committed the instant charged offenses while on state probation." *Flores*, 53 F.4th at 315-16.

And, as to danger to the community, the Fifth Circuit has held that the government met its burden as to detention where it "presented substantial evidence to show that [the defendants] have continuously engaged in the trafficking of drugs for several years, including while being on parole or shortly after being released from parole" and where the defendants "presented absolutely no evidence whatsoever to indicate that they will not continue to engage in drug trafficking if released on bail pending trial." *Rueben*, 974 F.2d at 587.

As to the Section 3142(g)(3)(B) factor – "the history and characteristics of the person, including … whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law" – the Fifth Circuit has affirmed that a district court is "allowed to consider the fact that [a

defendant] was arrested while on parole from the state law conviction." *United States v. Barker*, 876 F.2d 475, 476 (5th Cir. 1989).

And the Section 3142(g)(4) factor – "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" – "applies when detention is premised on risk to the community." *Aziz*, 2022 WL 1056102, at *3 n.1.

But the Section 3142(g) factors do not direct the Court to weigh whether a defendant is subject to a so-called ICE detainer and whether Immigration and Customs Enforcement ("ICE") officials intend to initiate removal proceedings if the defendant is released on conditions in his criminal case.

As the Court explained at the hearing, the Court believes it is not proper to rely on what a federal agency may do pending trial to remove a defendant – involuntarily from the defendant's perspective – if the defendant is released under Section 3142 as a basis for finding that no combination of conditions could be set to reasonably assure the defendant's appearance as required.

Under the Bail Reform Act, on the government's attorney's motion or on the Court's own motion, detention may be requested "in a case, that involves – (A) a serious risk that [the defendant] will flee." 18 U.S.C. § 3142(f)(2). "If, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such

-19-

judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

Section 3142(f)(2)'s preliminary requirement for holding a detention hearing suggests that a defendant must himself present a serious risk of, through his own volition, failing to appear or – in the words of the statute – "fleeing," and, in context, the better reading of Section 3142(e)(1)'s phrase "no condition or combination of conditions will reasonably assure the appearance of the person as required" appears to be that the statute directs the Court to decide whether conditions can be set to address any risk that a defendant will, through his own volition or of his own accord, fail to appear, not whether a government agency will make it impossible for him to appear. The Bail Reform Act, after all, does not suggest that Section 3142 conditions of release should or could be addressed to or imposed on independent federal agencies.

And the Fifth Circuit has pointed only to 18 U.S.C. § 3142(d) as "a limitation on the district court's authority to release an alien-defendant pursuant to the" Bail Reform Act. *Baltazar-Sebastian*, 990 F.3d at 945. While holding that "the United States Department of Homeland Security's Immigration and Customs Enforcement Agency (ICE) may, under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, civilly detain a criminal defendant after she has been granted pretrial release pursuant to the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*," the Court of Appeals made clear that "[n]othing in the text of the BRA or INA evinces any order of precedence between the statutes." *Id.* at 941-45.

-20-

And the Fifth Circuit's entire analysis would make little sense if an ICE detainer – which was lodged in that case before the defendant was released under the Bail Reform Act – precluded a court from determining, after the usual Section 3142 analysis that applies to any criminal defendant, that the defendant should be released under Section 3142(b) or 3142(c). *See id.*; *accord United States v. Somkongmany*, No. 3:23-CR-00029-29, 2024 WL 1531414, at *3-*4 (S.D. Tex. Apr. 8, 2024).

In this case, the evidence as presented or proffered at the detention hearing shows that, among other things,

- Corral is facing a statutory maximum sentence of life on the conspiracy charge;
- the government originally turned its investigation to Corral while it was investigating his son (who is not indicted here) for drug trafficking;
- the government has compiled substantial evidence of Corral's engaging in cocaine trafficking at kilogram quantities, including with co-conspirators in other districts, as well as possibly trafficking firearms to Mexico, and that evidence includes conversations (including using coded language) intercepted on wiretaps of multiple phones that Corral used and dropped when a contact was either arrested or Corral became suspicious of a contact;
- Corral has been a legal permanent resident for decades and has family in North Texas and also in Weslaco, Texas and in Mexico;
- Corral has caused moneys to be transferred to contacts in Mexico in amounts that the government contends cannot be easily tied to any legitimate sources of income;
- Corral was arrested on July 28, 2025 and charged with a state drug offense involving 1 kilogram of cocaine seized from his car during a traffic stop and has been on release on a state bond since that time;
- during the execution, after that arrest, of a search warrant on the home that Corral shares with his common-law wife, 18 firearms were seized, which were mostly long-barrel hunting rifles or shotguns and 2 of which were discovered to have been reported as stolen;
- no cocaine or drug proceeds were discovered in Corral's house;
- the house and the mortgage on it are not in Corral's name;

- in a recorded jail call, Corral asked his sister to move the firearms, but she reported to him that they had already been seized;
- Corral has relatively minimal criminal history, including a drug charge in 1993 that was dismissed in 2011 after deferred adjudication and a 2009 failure to identify charge for which he served 8 days in jail;
- Corral is facing 5 to 99 years imprisonment on the related pending state drug charge for which he has been on bond since July 2025;
- Corral has no employment history reported to the Texas Workforce Commission but reportedly works in horse training and may own a horse;
- Corral traveled to and back from Mexico more than 10 times in each of 2023 and 2024 and then again in early 2026, and has a passport that can be surrendered; and
- the government has no evidence of Corral's engaging in any drug trafficking or illegal firearm activity after his arrest on July 28, 2025.

The Court finds that Corral has presented evidence to rebut the Section 3145(e)(3) presumption based on his family in the area in which he is a long-time resident, including in the house to which he can return to live with his common-law wife; Corral's returning from travel to South Texas and to Mexico even while on bond for a serious, related state drug charge; and his compliance with his bond conditions for over 6 months on that charge.

The identified and articulable – and future or ongoing – threat to the community to which the government points is the danger that Corral will, while on release, engage in drug trafficking or possess stolen firearms or engage in firearm trafficking.

The risk of nonappearance to which the government points is that Corral will flee to Mexico because he is facing significant prison time and the prospect, if convicted, of being stripped of his legal permanent resident status and being deported

and barred from ever legally returning to the United States.

As outlined above, the weight of the evidence against Corral appears to be strong as to his alleged drug trafficking involving kilogram quantities of cocaine and the use of multiple phones and coded language used with multiple co-conspirators in or with contacts in South Texas and Mexico – up to July 28, 2025.

As to the Section 3142(g)(4) factor – "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" – the Fifth Circuit has recently explained that a "district court correctly recognized our precedent holding 'that the risk of continued narcotics trafficking on bail does constitute a risk to the community," where the defendant "was involved in trafficking a significant quantity of drugs and previously committed other drug offenses." *Flores*, 53 F.4th at 315 (quoting *Rueben*, 974 F.2d at 586).

But there is no evidence that Corral has engaged in drug or firearms trafficking since his arrest on July 28, 2025. There is no evidence of any bond violations, and the government's counsel explained that the government does not know if Corral has continued to engage in criminal activity but has no evidence that he has.

Corral's criminal history includes no evidence of failing to appear or report as required, either previously or on the related state charge for which he was arrested in late July 2025.

Corral can return to live with his common-law wife in a house in which there are no longer any firearms, after law enforcement seized all the (primarily, at least)

hunting rifles and shotguns, and in which law enforcement found no cocaine or drug proceeds. And the Court can, and often does, impose a special condition of pretrial release that prohibits a defendant from possessing any firearm. *See* 18 U.S.C. § 3142(c)(1)(B)(viii).

Corral has been facing the exposure to significant prison time on the July 2025 related state charge, with the same risk of stripping his legal permanent resident status and deportation. And yet he has been, according to the evidence before the Court, compliant with his bond conditions on release and has returned from Mexico each time he has crossed the border in the last few months.

For the reasons explained above, the possibility that, as the government's counsel briefly argued at the hearing, ICE could impose a detainer based on one of those crossings into or from Mexico is not a proper consideration, and the Court in any event would, at this point, prohibit Corral from leaving the district, much less traveling to Mexico, while on release.

On these facts, the Court does not find that it is more likely than not that no condition or combination of conditions will reasonably assure the defendant's appearance as required. And the particular facts in this case do not support a firm belief or conviction that the Court cannot be reasonably assured that Corral will not possess (or traffic) any firearm or engaging in drug trafficking while on release going forward – particularly where the only evidence before the Court regarding Corral's conduct after his July 28, 2025 arrest is that he has complied with his bond

conditions.

Corral's asking his sister to remove firearms from his home after his arrest might weigh against the Court's being convinced that Corral will comply with conditions of release. But the Court's task is to consider if it can set a combination of conditions that will reasonably assure – not guarantee – the safety of the community and Corral's appearance on required if he is released. And Corral's ill-advised request to his sister does not convince the Court that he is unlikely to abide by the Court's condition that not possess any firearm or, for that matter, any other condition that the Court should impose as part of the least restrictive combination of conditions that will reasonably assure Corral's appearance as required and the safety of any other person and the community while Corral is on release.

Under these circumstances and considering all of the available information in light of the Section 3142(g) factors, the Court finds that Corral has rebutted the Section 3143(e)(3) presumption and that the government has not established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community if Corral is released or by a preponderance of the evidence that there is no combination of conditions that could be set to reasonably assure Corral's appearance as required.

The Court determines, under Section 3142(c)(1), that a combination of conditions requiring Corral to report to and be supervised by Pretrial Services, surrender his passport, not obtain other international travel document, and restrict

his travel to this district; prohibiting Corral from possessing any firearm and using or unlawful possessing any narcotic drug or other controlled substances (as defined by federal law) or having contact with any witnesses or co-defendants; requiring Corral to submit to testing for prohibited substance use; requiring Corral to report any further contact with law enforcement; and requiring Corral to submit to home detention enforced by electronic location monitoring amount to the least restrictive combination of conditions that will reasonably assure Corral's appearance as required and the safety of any other person and the community while Corral is on release. *See* 18 U.S.C. § 3142(c)(1)(B)(iv), (v), (vi), (viii), (ix), (xiv).

For these reasons, and as the Court explained on the record at the end of the detention hearing, the Court denied the government's motion for detention and ordered that Defendant Cipriano Perez Corral be released under 18 U.S.C. § 3142(c)(1) pending trial subject to the conditions in the Court's Order Setting Conditions of Release that was separately entered in this case but that was, by its own terms, stayed as explained above.

SO ORDERED.

DATED: March 9, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE